## THE AMERICAN MUTUAL INSURANCE COMPANY ADS. JACOB ANDERSON, JR.

Where the defence in an action upon a policy of insurance against fire, is, that the plaintiff set fire to the property himself, it must be established by clear and satisfactory proof; and the court refused to order a new trial, in a case where the circumstances relied upon were detailed by one witness, and were not of a conclusive character.

---

This was an action upon a policy of insurance against fire, in which a verdict was rendered for the plaintiff.

The rule to show cause why there should not be a new trial was argued by *C. Parker*, for the defendants, and by *Runyon*, for the plaintiff, before the CHIEF JUSTICE, and Justices ELMER, BEDLE, and WOODHULL.

The opinion of the court was delivered by

ELMER, J.   The defence submitted to the jury was, that the fire which occasioned the loss for which the plaintiff obtained a verdict, was the act of the plaintiff himself; and the only ground relied upon for a new trial was, that the verdict was against the weight of evidence.

It was not disputed that the burthen of proof was on the defendants, and that to entitle them to a verdict, they were bound to establish the alleged guilt of the plaintiff by clear and satisfactory proof.   The plaintiff was not bound to show how the fire originated.   One witness only testified to the facts relied upon to criminate him, and the veracity and accuracy of this witness were questioned, and were subject to the decision of the jury.   Giving full credit to his statements, the circumstances detailed by him were of an equivocal character and were not such as made it the duty of the jury to find him, in effect, guilty of a crime, or of the court to question the verdict, which assumed his innocence.

The rule must be discharged.